JOHN J. PATCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patch v. Commissioner
Docket No. 18659-89
United States Tax Court
T.C. Memo 1991-558; 1991 Tax Ct. Memo LEXIS 606; 62 T.C.M. (CCH) 1211; T.C.M. (RIA) 91558; November 12, 1991, Filed *606 An appropriate order and decision will be entered. P filed his 1979 Federal income tax return in 1988, claiming an overpayment for taxes paid on April 15, 1980. The overpayment was not credited or refunded by R. R issued a notice of deficiency, determining a deficiency and additions to P's 1979 tax year. P petitioned the Tax Court, challenging the deficiency and additions to tax and claiming an overpayment. At trial, R conceded the deficiency and additions to tax and agreed that the tax shown on P's late-filed return was correct but denied P's claim for overpayment. Held, under section 6512(b)(3)(C), taxes paid more than 3 years from the time the return is filed and more than 2 years from the time the tax was paid are not subject to credit or refund. John J. Patch, pro se. Paul L. Dixon, for the respondent. COUVILLION, Special Trial Judge. COUVILLION
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A [1] and Rule 180. Respondent determined a deficiency of $ 2,128 in petitioner's 1979 Federal income tax and additions to tax of $ 511.75 under section 6651(a)(1), $ 106.40 under section 6653(a), and $ 79.85 under section 6654. *607 At trial, respondent conceded the deficiency in tax and the additions to tax. Respondent agreed that the tax shown on petitioner's 1979 return, $ 1,539, was correct. Respondent further agreed that two payments credited to petitioner's account for 1979, made in 1988 and 1989 and totaling $ 2,268.53, are creditable or refundable. The issue is whether two other payments to petitioner's account for 1979, both made on April 15, 1980, in the amounts of $ 107 and $ 4,000, are subject to credit or refund as an overpayment to the extent the two payments, totaling $ 4,107, exceed the agreed tax liability of $ 1,539. Some of the facts were stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by reference. At the time the petition was filed, petitioner resided at Las Vegas, Nevada. The parties agree that petitioner's correct tax liability for 1979 is $ 1,539. Petitioner's 1979 tax return was filed approximately 8 years late, on March 23, 1988. Respondent posted payments to petitioner's account for taxable year 1979 as follows: April 15, 1980
$ 107.00
April 15, 1980
$ 4,000.00
April 1, 1988
$ 1,722.80
May 22, 1989
$ 545.73
*608 The payments in 1980 were made in conjunction with petitioner's request for an extension of time to file his 1979 return. That extension was for a period of 60 days. In 1986, respondent apparently assessed taxes for taxable year 1979 in an amount not disclosed in the record, and for reasons not explained by respondent, based upon an examination of information returns relating to petitioner. Petitioner's 1979 return was filed in 1988 after respondent levied petitioner's accounts pursuant to the 1986 assessment. The $ 1,722.80 credited to petitioner's account on April 1, 1988, resulted from the levy. The record is not clear as to how the May 22, 1989, payment of $ 545.73 came about. When petitioner filed his 1979 return on March 23, 1988, he reported prior tax payments of $ 4,800, consisting of $ 800 withholdings and $ 4,000 estimated payments, and claimed an overpayment and refund of $ 3,260.95. It is apparent from the record that this overpayment was not refunded to petitioner. The notice of deficiency was issued on May 30, 1989. When the case was called, the parties announced that respondent conceded all adjustments in the notice of deficiency, including the deficiency in *609 tax and the additions to tax. Respondent agreed that the tax shown on petitioner's late-filed return for 1979, $ 1,539, was correct. Respondent further agreed that payment of the tax would be attributable to or taken out of the two payments on April 15, 1980, totaling $ 4,107, and that the two payments of $ 1,722.80 and $ 545.73 made respectively on April 1, 1988, and May 22, 1989, were allowable to petitioner as credits or refunds. The sole issue is whether petitioner is entitled to a credit or refund, as an overpayment, of the two 1980 payments, totaling $ 4,107, to the extent such payments exceed the agreed tax liability of $ 1,539. Respondent's position is that the credit or refund of such payments is barred by the statute of limitations under section 6511(a), which requires the filing by the taxpayer of a claim for credit or refund of an overpayment within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever period expires later. Since petitioner's claim comes within neither of these time periods, respondent argues the claim is barred. Section 6512(a) gives the Court jurisdiction to determine an overpayment of tax and the amount *610 thereof. However, section 6512(b)(3) prescribes limitations on the amounts of credits or refunds as follows: (b) Overpayment Determined by Tax Court. -- (1) Jurisdiction to determine. -- Except as provided by paragraph (3) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. * * * (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed *611 (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
These provisions prevent the allowance of any credit or refund paid during a period beyond the periods prescribed by section 6512(b)(3), discussed above. See . Section 6511(a) provides generally that a claim for credit or refund of an overpayment of any tax as to which the taxpayer is required to file a return shall be filed within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever period expires *612 the later. With respect to the $ 4,107 payments in 1980, petitioner clearly did not file a claim (nor could he) at the date of the mailing of the notice of deficiency for credit or refund within 2 years from the date the payments were made. However, when petitioner filed his return in 1988, he claimed a refund and, accordingly, such claim is "within 3 years from the time the return was filed" and is also the later of the two time periods provided in section 6511(a). However, section 6511(b)(2)(A) provides generally that, where the claim for refund is filed during the 3-year period described in section 6511(a), the credit or refund shall not exceed the portion of the tax paid within a period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. Therefore, when petitioner filed his claim for refund on March 23, 1988, section 6511(b)(3)(A) limited petitioner's right to a refund or credit to those taxes paid within 3 years plus 60 days, because of his prior application for extension, prior to March 23, 1988. The 1980 payments were clearly made well beyond 3 years and 60 days immediately preceding March 23, *613 1988. Section 6512(b)(3)(C) limits the allowance of any credit or refund to that portion which the Court determines was paid within the period applicable under section 6511(b)(2), as well as other periods not pertinent here. Petitioner's 1980 payments were not made within the period provided by section 6511(b)(2); consequently, petitioner is not entitled to an overpayment as to the two payments made on April 15, 1980. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩